# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMIE L. COOK, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:09-0106 |
| v. | : | (CONNER, D.J.)<br>(MANNION, M.J.) |
| HOMER C. FLOYD; LYLE M. WOOD; RAYMOND CARTWRIGHT; and PA HUMAN RELATIONS COMMISSION, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983 against defendant Pennsylvania Human Relations Commission ("PHRC") and defendants Floyd, Wood, and Cartwright, PHRC employees. (Doc. No. 1). Pending before the court is defendants' motion to dismiss. (Doc. No. 8). For the reasons set forth below, the court will recommend that the defendants' motion be **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

# I. FACTS AND PROCEDURAL BACKGROUND

The gravamen of plaintiff's complaint is that he takes issue with the dismissal of five separate complaints that he had filed with the PHRC. In June of 1991, plaintiff allegedly filed the first complaint with the PHRC, against the Scranton Housing Authority, regarding a discrimination and wrongful eviction matter.[2] (Doc. No. 1 at 1). He alleges that there was a hearing before an Administrative Law Judge in May of 1997 and that, in the summer of 1998, he discovered that the complaint had been dismissed, but that he never received any documentation from the PHRC to substantiate the dismissal of this complaint.[3] *Id.* at 1-2. Moreover, plaintiff alleges that defendant PHRC and defendant Cartwright conspired with plaintiff's then attorney, which resulted in him losing his case. *Id.*

On August 30, 2004, plaintiff allegedly filed a second complaint with the PHRC, against Mr. Kaiser and the Union Mission, that involved a

---

[2] In March of 1993, the Superior Court of Pennsylvania issued a decision with the respect to an ejectment matter between plaintiff and the Scranton Housing Authority. The court found that plaintiff should be reinstated immediately in premises which are equally, suitable and appropriate to those from which he was evicted. (Doc. No. 15-2).

[3] Plaintiff also appears to take issue with the fact that he allegedly never received any documents concerning the Administrative Law Judge's decision because it prevented him from filing an appeal. *Id.* at 2.

discrimination issue. *Id.* at 2. The plaintiff alleges that defendant Wood investigated the complaint, and that he later received a letter that informed him defendant Floyd, Executive Director, was dismissing his complaint. *Id.* at 2-3. No date is given for the dismissal.

On November 2, 2006, plaintiff alleges that he filed a third complaint, with the PHRC, against Comcast concerning a racial discrimination issue. (Doc. No. 1 at 3). On June 30, 2008, plaintiff asserts that, again, defendant Floyd issued a letter dismissing his complaint because, after an investigation, the facts did not establish probable cause existed to credit the allegations of unlawful discrimination. (Doc. No. 15-6 at 2). Plaintiff alleges that this complaint was dismissed without a hearing, and despite the fact that he had a witness to verify his allegations. (Doc. No. 1 at 3).

On July 7, 2007, plaintiff allegedly filed a fourth complaint, a housing discrimination complaint, with the PHRC, against Roxbury Ridge Apartments and his "landlady." *Id.* at 3-4. Plaintiff alleges that, yet again, defendant Floyd issued a dismissal letter with respect to this complaint on January 8, 2008, because, after an investigation, the facts did not establish that probable cause existed to credit the allegations of unlawful discrimination. (Doc. No. 15-4 at 1).

3

On December 5, 2007, plaintiff alleges that he filed a fifth complaint with the PHRC against Southmoreland Civic Association for failing to rent to a disabled, homeless, Black, American Indian. (Doc. No. 1 at 4). Plaintiff does not explain or provide any other facts as to what actions the PHRC took with respect to this complaint. However, based on plaintiff's submitted exhibits, it appears that the PHRC dismissed this complaint on April 11, 2008 because, after an investigation, the facts did not establish that probable cause existed to credit the allegations of unlawful discrimination. (Doc. No. 15-3 at 1). The dismissal letter was signed by defendant Floyd. *Id.* Thereafter, plaintiff requested a preliminary hearing pursuant to 16 Pa. Code § 42.62. *Id.* at 4-5.

Based on the foregoing, plaintiff commenced the instant civil rights action by filing a complaint on January 16, 2009. (Doc. No. 1) Plaintiff claims that defendants Wood, Floyd and Cartwright engaged in "corruption & conspiracy, & violation of his civil & constitutional rights" because defendants (1) denied him a fact finding hearing, (2) denied him the opportunity to be heard by an Administrative Law Judge regarding the complaints he had filed with the PHRC, (3) wrongfully dismissed his complaints, and (4) failed to properly handle plaintiff or his complaints. *Id.* As such, plaintiff alleges that he was denied both due process and equal protection under the law, and

consequently, he seeks monetary damages. *Id.*

On March 12, 2009, defendants filed a motion to dismiss, (Doc. No. 8), and this motion is fully briefed.[4] (Doc. No.'s 9, 11, 12, 13 & 14).

## II. STANDARDS

### A. Motion to Dismiss

Defendants' motion to dismiss is brought pursuant to the provisions of Federal Rules of Civil Procedure 12(b)(1) and (6). When defendants move to dismiss a complaint under Rule 12(b)(1) for failure to allege subject matter jurisdiction, the allegations of the complaint must be treated as true and the plaintiff afforded the favorable inferences to be drawn from the complaint. *N.E. Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001)(citing *Mortensen v. First Federal Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977); Fed. R. Civ. P. 8(f)). On a motion to dismiss for lack of subject matter jurisdiction, it is the plaintiff who has the burden of persuading the court that it has jurisdiction. *Gould Electronics, Inc. v. United*

---

[4] Although plaintiff sets forth additional allegations against defendants in his briefs, the court is unable to consider these new factual allegations. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) (noting new factual allegations made in a party's legal memoranda may not be considered in resolution of a 12(b)(6) motion to dismiss).

5

*States*, 220 F.3d 169, 178 (3d Cir. 2000). In contrast, a motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

### B. Standard of Review of Substantive Law Under 42 U.S.C. §1983

Section1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 creates no substantive rights, but rather allows a plaintiff to

vindicate violations of rights created by the United States Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

## III. LEGAL ANALYSIS

Defendants have raised various legal arguments as to why the plaintiff's complaint should be dismissed. The court will consider these arguments below.

### A. Eleventh Amendment Immunity

Defendants, the PHRC and employees of the PHRC, argue that to the extent plaintiff intends to bring this lawsuit against them in their official capacities, the complaint must be dismissed. The court agrees.

Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in

7

federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris*, 661 F.2d at 25 (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 does not "abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Furthermore, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, the court recommends that the complaint be dismissed to the extent plaintiff intends to bring this action against the defendants in their official capacities. *See Foster v. Pa. Human Rels. Comm'n,* 157 Fed. Appx. 488, 490 (3d Cir. 2005)(upholding District Court's finding of immunity for the PHRC as the PHRC was clearly a state agency). *See Kehres v. Pa. Human Rels. Bd. of Review*, No. 05-3498, 2005 U.S. Dist. LEXIS 46661, *3 (E.D. Pa.

Oct. 5, 2005)(finding the Eleventh Amendment barred any claims by the plaintiff against the PHRC, and PHRC employees, acting in their official capacities, where plaintiff sought monetary relief). As such, the court will now turn to plaintiff's individual capacity claims against defendants.

## B. Due Process Claims

Plaintiff alleges that defendants violated his due process rights because defendants (1) denied him a fact finding hearing[5], (2) denied him the opportunity to be heard by an Administrative Law Judge, (3) wrongfully dismissed his complaints, and (4) failed to properly handle plaintiff or his complaints.

Plaintiff claims that he was improperly denied a hearing before an Administrative Law Judge prior to the dismissal of his complaints.[6] The court disagrees and finds that this contention lacks merit. The PHRC's investigative

---

[5] Based on plaintiff's submitted exhibits, the court construes plaintiff's allegations relating to fact finding hearings to mean he was denied a "Fact Finding Conference." (Doc. No. 15-3 at 12). A Fact Finding Conference is a method for the PHRC "to probe and investigate the facts and the circumstances surrounding the issues raised in the charge of discrimination." *Id.*

[6] The court does not construe this claim as relating to the first complaint plaintiff filed with the PHRC because plaintiff indicated that complaint was heard by an Administrative Law Judge prior to the dismissal of the complaint. (Doc. No. 1 at 1).

powers and duties are enumerated in 43 Pa. Cons. Stat. §§957(f)-(g) and 959 of the Pennsylvania Human Relations Act and in the PHRC's Special Rules of Administrative Practice and Procedure found at 16 Pa. Code §§ 42.01, *et seq.* The pertinent sections of the PHRC's Special Rules of Administrative Practice and Procedure provide:

> § 42.41. Initiation of investigation.
>
> (a) Upon filing of a complaint or whenever there is reason to believe that an unlawful discriminatory practice has been committed, the Commission staff will make a prompt investigation in connection therewith.
>
> § 42.61. Dismissal of complaints.
>
> (a) If, after investigation, *the staff determines that no probable cause exists* to credit the allegations of the complaint… *the staff shall make a finding reflecting that determination*.
>
> (b) A staff finding will be reported to the Executive Director, *who may close the case* or take other action as may be deemed necessary or appropriate. The Executive Director may appoint, in writing, another staff person who is authorized to close cases in the Executive Director's absence.

16 Pa. Code §§ 42.41, 42.61 (emphasis added). *See also* 43 Pa. Cons. Stat. §959. If the PHRC dismisses a complaint for a finding of no probable cause, a complainant may request a preliminary hearing to determine whether the complaint was properly dismissed, and if the complainant requests this hearing, the PHRC will determine if the complainant will receive the requested

10

preliminary hearing. 16 Pa. Code § 42.62. *See Baker v. Pennsylvania Human Relations Comm'n*, 507 Pa. 325, 332-33 (1985)(noting a preliminary hearing is not required whenever requested)). As such, to the extent, plaintiff may take issue with being denied a preliminary hearing, he is not automatically entitled to one just because he may have requested one. *See Espenshade v. Pennsylvania State University*, 556 F. Supp. 131, 133 (M.D. Pa. 1983)(noting that plaintiff's request for a preliminary hearing could be denied by the PHRC).

In addition, the court does not find that plaintiff's due process rights were violated because plaintiff did not have a hearing prior to the PHRC's determinations of no probable cause. The Supreme Court of Pennsylvania addressed the issue of what process a complainant is entitled to prior to a determination of no probable cause in *Baker v. Pennsylvania Human Relations Comm'n*, 507 Pa. 325, 332-33 (1985):

> " . . . although we believe that the [Pennsylvania Human Relations] Act *does not require* the Commission to conduct a formal "adjudicative" process including *full hearing* before determining that there is no probable cause, the record must show that it actually exercised the discretion the legislature gave it through officials with express or delegated statutory authority, and that those officials acted in accordance with properly published rules. This is not to say it must give reasons for the exercise of its broad discretion. To require reasons and findings would be likely to frustrate the legislative purpose in granting that discretion. *It must simply show on the record that it took the discretionary action.*"

11

(emphasis added). Accordingly, a review of (1) the letters and notices the PHRC sent plaintiff and (2) the PHRC's Special Rules of Administrative Practice and Procedure, reveals that defendants took appropriate discretionary actions. The complaint and exhibits submitted by plaintiff indicate that defendants conducted investigations prior to making no probable cause determinations that resulted in defendant Floyd, Executive Director of the PHRC, dismissing plaintiff's complaints. *See* 16 Pa. Code §§ 42.41, 42.61 Consequently, the court cannot find that plaintiff was denied any hearing by defendants that resulted in his due process rights being violated.[7]

Furthermore, to the extent plaintiff complains of the investigatory measures taken by the PHRC and the dismissal of his complaints, the court finds that plaintiff has failed to state a due process claim, because defendants did not make any binding or final unappealable determinations. Government agencies, such as the PHRC, may violate the due process clause when they

---

[7] Even assuming *arguendo* that plaintiff was entitled to a hearing pursuant to the Pennsylvania Human Relations Act or the Special Rules of Administrative Practice and Procedure, the Supreme Court has held that constitutionally mandated requirements of due process in a given context and case are supplied and defined by federal law, not by state law or regulations. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984). Accordingly, violations of state law cannot provide the basis for a due process claim, and his claim would still fail. *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990).

adjudicate or make binding determinations. *See [Adams v. EEOC, 932 F. Supp. 660, 665 (E.D. Pa. 1996)](.)*. However, determinations by the PHRC are *not* binding, as they are reviewed *de novo* by a reviewing court. *See Kehres*, 2005 U.S. Dist. LEXIS 46661, at *5. As such, PHRC determinations cannot destroy a plaintiff's substantive discrimination claim. *Id. See also [Baker v. Pennsylvania Human Relations Comm'n, 507 Pa. 325, 332 (1985)](.)*( "a Commission, [PHRC], order finding a complaint lacks probable cause for further agency action is not an 'adjudication' under [2 Pa.C.S. § 101](.) and the remedy of appeal under [2 Pa.C.S. § 702](.) is not available"); *[Wortman v. Philadelphia Comm'n on Human Relations, 591 A.2d 331, 333 (Pa. Commw. Ct. 1991)](.)*(a decision by the PHRC not to proceed with a complainant's complaint of discrimination does not preclude the complainant from pressing his or her claim in the court of common pleas or district court; and therefore the PHRC's decision is not an adjudication because the complainant's right to be free from discrimination is not finally affected)(citation omitted). Consequently, the court recommends that plaintiff's due process claims be dismissed as the allegations relating to the adequacy of the PHRC's investigatory measures and the dismissal of his complaints, by the PHRC, were not binding or final unappealable decisions. *See Kehres*, 2005 U.S. Dist.

LEXIS 46661, at *5 (finding there was no violation of plaintiff's due process rights, even if the PHRC employees failed to properly investigate the plaintiff's claims and failed to consider evidence that plaintiff sent them, as determinations by the PHRC are not binding) (citing *Fullman v. Henderson, 146 F. Supp. 2d 688, 700-01 (E.D. Pa. 2001)*(finding that plaintiff's due process rights were not violated, even though the EEO Office denied his claims, because there was no final unappealable or binding decision by the EEO Office, as plaintiff was entitled to pursue a *de novo* determination of his claim under Title VII), *aff'd*, 29 Fed. Appx. 100 (3d Cir. 2002)).

### C. Equal Protection Claim

Plaintiff also claims that defendants denied him equal protection under the law. By way of response, defendants argue that any equal protection claim must fail because plaintiff has failed to allege how he was treated differently than others by the defendants. The court agrees with defendants. Plaintiff has not plead any allegations to the effect of differential treatment whatsoever, namely that the defendants treated him or his claims any differently than it treats those of other, similarly situated complainants. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)(equal protection claim requires proof of purposeful discrimination, which entails

demonstration that plaintiff "received different treatment from that received by other individuals similarly situated"); *Mitchell v. EEOC*, 888 F. Supp. 710, 713 (E.D. Pa. 1995)(dismissing equal protection claims because plaintiff failed to allege that the EEOC treated his claim any differently than it treats those of other, similarly situated complainants). As such, the court recommends that plaintiff's equal protection claim be dismissed.[8]/[9]

---

[8] The court need not address defendants' remaining arguments because the court finds that plaintiff cannot prevail on his due process or equal protection claims.

[9] The court notes that to the extent plaintiff may have intended to bring a conspiracy claim relating to the 1991 complaint where he learned of the dismissal in 1998, that claim would be time-barred. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989) ("[W]e conclude that the most analogous statute of limitations, as in section 1983 and 1985 claims ... is Pennsylvania's two year statute of limitations period applicable to personal injury actions ....").

## IV. RECOMMENDATION[10]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**:

(1) Defendant's motion to dismiss, (Doc. No. 8), be **GRANTED**; and

(2) The plaintiff's pending motion for summary judgment, (Doc. No. 20), and motion for subpoena of documents, (Doc. No. 22), be **DISMISSED AS MOOT.**


                                       s/ *Malachy E. Mannion*
                                       **MALACHY E. MANNION**
                                       **United States Magistrate Judge**

**DATE:** February 25, 2010
O:\shared\REPORTS\2009 Reports\09-0106-01.wpd

---

[10]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.